No. 13,722.

STATE OF LOUISIANA VS. ARTHUR HEBERT.

SYLLABUS.

1. The fact that a juror has formed and expressed an opinion, from what he has been told or has read, does not disqualify him where he states on his *voir dire* that he can, nevertheless, try the case fairly and impartially, upon the evidence presented in court and upon the law as given by the judge, and that he is free from bias and prejudice.

2. Where a motion for new trial is made, upon the ground that the District Attorney, in his argument to the jury, misstated and, by gesture, 'misrepresented the facts, as established by the evidence, and no action by the trial judge is invoked at the time, and the testimony, taken in support of the motion and on behalf of the State, (which, however, fails to show that the District Attorney referred to any facts not proved) is not embodied in, or attached to, the bill of exceptions taken to the overruling of the motion this court will not interfere.

3. A motion in arrest of judgment, upon the ground that a material admission, was made by the defendant's counsel, out of his presence, is properly overruled when it appears that the defendant, himself, made the same admission, as a witness on the stand.

APPEAL from the Nineteenth Judicial District, Parish of Iberia—Foster, J.

*Walter Guion,* Attorney General, and *Anthony N. Muller,* District Attorney, (*Lewis Guion,* of counsel), for Plaintiff and Appellee.

*Todd & Davis* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. Defendant having been tried for murder, was convicted of manslaughter and sentenced to imprisonment at hard labor for twenty years. He has appealed, and presents, for the consideration of this court, several bills of exception, a motion for new trial and a motion in arrest of judgment.

1. Counsel for defendant challenged, for cause, Herman Shadel, who was called as a juror, and, his challenge having been overruled, a bill of exceptions was taken. According to what appears to be the version of

the counsel, as given in the bill, the juror, being examined upon his *voir dire,* said: "Yes, I have formed and expressed an opinion as to the guilt or innocence of the accused. I had talked to persons about the case. I could try the case fairly without regard to what I have heard, but would likely believe what I had previously heard, if repeated by the witnesses that I believe."

The statement of the judge, which comes after the foregoing, is as follows:

"H. H. Shadel made, on his examination as to competency as a juror, in substance, the ——— statement taken down by me and since corroborated by him. That he heard from two parties, whom he did not see in court, something of the case which made an impression upon him and gave him an opinion as to the guilt or innocence of the accused, but that he felt and knew he could go on the jury and disregard what he had heard, and, in his verdict, be 'governed solely and exclusively by the evidence heard on the trial and the law as given him by the court; that he was free of bias and prejudice, and that he knew he could try the case fairly and impartially.' "

The judge is at some pains to make it clear that he is giving the statement of the witness with absolute accuracy, and therefore leaves little or no margin for the consideration of matter not included by him. If we should assume, however, that the juror said that he had "formed and expressed an opinion as to the guilt or innocence of the accused", and that he further said "I ——— would likely believe what I had previously heard, if repeated by witnesses that I believe", his statement that he could nevertheless go on the jury and, disregarding what he had heard, be governed solely and exclusively by the evidence on the trial and by the law, as given him by the court; that he was free from bias and prejudice, and that he felt and knew that he could try the case fairly and impartially, leaves no room to question his competency. State vs. Guidry, 28th Ann. 630; State vs. Dugay, 35 Ann. 327; State vs. Ford, 37th Ann. 443.

" The disqualifying opinion, it is well settled, in numerous cases, must " be a fixed, absolute, positive, definite, settled, decided, unconditional " opinion. The rule is uniformly laid down by the use of one of these " words, or words of equivalent force. A conditional, contingent, hypo-" thetical, indeterminate, floating, indefinite, uncertain opinion, will " not do", etc.

This language, taken from "Thompson & Merriam on Juries," is quoted, with more to the same effect, in the opinion of this court in the case of State vs. Williams, 49th Ann. 1152. The fact that in the instant case, the juror stated that he could try the case fairly and without prejudice or bias, notwithstanding any opinion that he might have formed and expressed, showed that such opinion was not of the disqualifying kind. And his statement that he would likely believe what he had heard if repeated by a witness that he believed, if construed to mean "if repeated by a witness in whom he had confidence," must also be considered as controlled by his final assurance that he could try the case fairly and without prejudice, the more especially as any juror, it may be assumed, would be likely to believe the statements of a witness in whom he had confidence, whether he had previously heard such statements or not. We conclude, therefore, that the ruling complained of was correct.

2. We are of the same opinion in regard to the ruling of the judge *a quo* upon the challenge, for cause, of the juror A. Louviere, who had also formed and expressed an opinion, based upon conversations, but who stated that he was without bias or prejudice, and that he could try the case fairly, upon the evidence adduced in court, and the law as given by the judge.

3. Counsel for defendant moved for a new trial, upon the ground that the verdict was "contrary to the evidence," and upon the further ground that the District Attorney in his address to the jury, misstated, and misrepresented the testimony.

One of the counsel for the defendant and another witness appear to have been sworn in support of the averments contained in the motion, and the District Attorney testified as a witness for the State.

Counsel for defendant do not appear to have requested the court to take any action at the time, either by way of warning the District Attorney, or of charging the jury, and the testimony above referred to is not embodied in, or attached to, the bill of exceptions, taken to the overruling of the motion for new trial, nor does the bill show that the District Attorney had referred to any fact not proven on the trial.

Under these circumstances, and in view of the wide discretion accorded to judges of the first instance in the matter of the conduct of proceedings before them, and of granting or refusing new trials, we are of opinion that the ruling complained of should remain undisturbed.

State vs. Walker, 39th Ann. 19; State vs. Duck, 35th Ann. 764; State

vs. McCort, 23rd Ann. 326; State vs. Breckenridge, 33rd Ann. 310; State vs. Fulford, 33rd Ann. 679; State vs. Bird, 38th Ann. 497.

4. A motion in arrest of judgment was filed, on the ground that defendant's counsel, when his case was called for trial, but out of presence of the defendant, admitted that the deceased had come to his death by a gunshot wound.

In overruling the motion, the judge *a quo* says:—

"Admission by defendant's counsel was made when the case was called " for trial as fixed on the docket. It was a voluntary admission as to a " part (should be 'fact'); in no way injured defendant, who, in his own " behalf, as a witness, acknowledged the fact himself, but claimed as a " defense, that the gunshot was accidental."

It is evident that the defendant was not injured, and the motion in arrest of judgment was properly overruled.

Judgment affirmed.

The Chief Justice concurs in the decree.